THOMAS L. ROSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. B. JEMISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21746, 21747. Promulgated July 26, 1928.

*C. W. Saussy, C. P. A.*, for the petitioners.
*J. E. Marshall, Esq.*, for the respondent.

72

OPINION.

TRAMMELL: The only question involved in these proceedings is that relating to the imposition of the penalties. It is conceded that if it be found that the returns were false and fraudulent and made with the intent to evade taxes the proposed deficiencies are correct,

otherwise, the assessment and collection of the deficiencies in tax are barred by the expiration of the period of limitations as prescribed by statute.

The petitioners do not dispute the fact that the corporation at the time of its dissolution had a surplus of $49,094.01, which belonged to them. They contend, however, that they did not willfully make fraudulent returns in order to evade tax, but that they overlooked reporting their respective shares of the surplus as income because the assets and liabilities of the corporation were taken over in toto by the partnership and for the reason that the distributive interests in the capital and surplus of the stockholders of the corporation were identical with the distributive interests of the members of the partnership, and also for the reason that there was no segregation of the surplus to the accounts of the partners.

The petitioners testified that on account of their unfamiliarity with the income tax law and rulings thereunder, they left the matter of preparing the returns to Murphy, turning over to him the books and records of the partnership and furnishing him such other information as he required about their individual affairs as was not contained in the books and records of the business. The evidence indicates that when the returns were prepared the petitioner signed and swore to them without questioning Murphy as to their truthfulness or correctness. The petitioners also testified that at the time the returns were prepared they did not know what constituted a liquidating dividend and did not learn what such a dividend is until several years later.

Article 1566 of Regulations 45, relating to the income, war-profits and excess-profits taxes under the Revenue Act of 1918 as originally promulgated on April 17, 1919, provided:

(c) Where a corporation dissolves and distributes its assets in kind and not in cash no taxable income is received from the transaction by its stockholders, because they merely exchange an indirect interest for a direct interest in the same property. As to cash distributions, see Article 1548. \* \* \*

By Treasury Decision 2924, approved September 26, 1919, article 1566 was modified and the above quoted provision was eliminated. Article 1548, Regulations 45 as originally promulgated and in force at the time the returns of the petitioners were filed, provided:

*Distribution in liquidation.*—So-called liquidation or dissolution dividends are not dividends within the meaning of the statute, and amounts so distributed, whether or not including any surplus earned since February 28, 1913, are to be regarded as payments for the stock of the dissolved corporation. Any excess so received over the cost of his stock to the stockholder, or over its fair market value as of March 1, 1913, if acquired prior thereto, is a taxable profit. A distribution in liquidation of the assets and business of a corporation, which is a return to the stockholder of the value of his stock upon a surrender of his

74

interest in the corporation, is distinguishable from a dividend paid by a going corporation out of current earnings or accumulated surplus when declared by the directors in their discretion which is in the nature of a recurrent return upon the stock.

Murphy had held the position of deputy collector from 1913 to September, 1918, and undertook to familiarize himself with the Regulations of the Treasury Department. He testified that, while the article of the regulations on the question of liquidating dividends was clear, he "never thought that particular regulation was supported by the law. As a matter of fact I always thought that liquidating dividends if taxed at all should be taxed as dividends subject only to surtax rates, but not subject to normal tax as it is under Art. 1548."

The article of the regulations which provided that there would be no taxable gain where a corporation dissolved and distributed its assets in kind was modified several months before the returns in question were filed. Article 1548, dealing with the question as it was originally promulgated, was clear and unambiguous as conceded by Murphy.

We believe from the testimony that this matter of reporting the liquidation dividends was discussed by the petitioners with Murphy before the returns were filed. Murphy, in his letter to Jemison, stated that "as I remember it I told you at that time that the Commissioner of Internal Revenue might rule that this was taxable income and assess you accordingly." The petitioners knew the facts and were advised by Murphy with respect to the probable action of the Commissioner. It is no extenuating circumstance that Murphy did not believe the regulation correctly interpreted the statute with respect to whether the surplus would be taxable at the normal rates. Even if he were correct in his interpretation of the law, still the return was false when it did not report the transaction. We believe that Murphy knew that the transaction gave rise to taxable gain even though it be true that he thought the gain was not taxable at the normal rate. The matter was discussed with the petitioners and they did not report it in their returns, although they were advised that the Commissioner would probably assess a tax based thereon. The failure to make a disclosure of the facts of the transaction in their returns under such circumstances is inconsistent with good faith and honest dealings with the Government.

From all the evidence we think that the returns filed by the petitioners were false and fraudulent and were made with the intent to evade the payment of taxes. The penalties as determined by the respondent are accordingly approved.

*Judgment will be entered for the respondent.*